ROLLIN STAPP *v.* STATE OF INDIANA.

[No. 971S277. Filed September 15, 1972.
Rehearing denied November 21, 1972.]

*Hall Cochrane,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

DEBRULER, J.—Appellant here was convicted of first degree burglary on May 14, 1971, in the Marion County Criminal Court, Judge John T. Davis presiding, and was subsequently sentenced to serve ten to twenty years at the Indiana State Prison. He appeals his conviction on the following grounds: (1) Alibi evidence which appellant sought to have admitted on trial should not have been excluded despite his failure to comply with the requirements of the alibi statute. (2) The prosecution's failure to establish a specific time of the offense shows insufficient evidence to convict for burglary. (3) An alleged lack of a preliminary hearing after arrest on a municipal court warrant, as provided for by I.C. 1971, 35-4-1-1, being Burns § 9-704a, requires reversal of the conviction.

Appellant first urges that the court's exclusion of evidence tending to show alibi is reversible error. Evidence in the record of this case reveals that a State's witness, Russell Wheeler, testified that he and the appellant, Rollin Stapp, broke into a house in Marion County by forcing the door of the house with a screwdriver. He further testified that property was taken from the house by them that night, some of which was later sold to a third party and some of which was disposed of by throwing it into a lagoon at Long Acre Park in Marion County. Officer Harold Young of the Indianapolis Police Department further testified that this property was

later located and recovered from the lagoon at the location where Mr. Wheeler told them he and the appellant had disposed of it.

The appellant testified that on October 9th, he was at his sister-in-law's house preparing for his nephew's birthday party to be held the next evening. He further testified that he attended that party on the 10th of October. On cross examination the prosecution asked appellant where he was on the 9th and 10th of October. Appellant repeated his assertion that he was at his sister-in-law's house on both nights. Appellant's sister-in-law next took the stand and began to testify as to the whereabouts of the appellant on the nights in question. The prosecuting attorney objected to such testimony on the grounds that it constituted alibi evidence and the requirements of the alibi statute had not been fulfilled by the appellant. The judge sustained the objection and the testimony was excluded.

The alibi statute of this State reads as follows:

"Whenever a defendant in a criminal case in a court other than that of a justice of the peace shall propose to offer in his defense evidence of alibi, the defendant shall, not less than ten days before the trial of such cause file and serve upon the prosecuting attorney in such case a notice in writing of his intention to offer such defense. The notice shall include specific information in regard to the exact place at which defendant claims to have been at the time stated in the indictment or affidavit as the time of such offense. Provisions of this statute shall not apply in case the court sets the trial for a date less than fourteen days ahead." I.C. 1971, 35-5-1-1, being Burns § 9-1631.

Further I.C. 1971, 35-5-1-3, being Burns § 9-1633, provides that:

"At the trial if it appears that the defendant has failed to file and to serve upon the prosecuting attorney the defendant's original notice of alibi as described herein the court shall, in the absence of showing of good cause for such failure by the defendant, exclude evidence offered by the defendant to establish an alibi."

It is conceded by the appellant that the requisite notice was not filed here nor was any excuse for such failure offered at any time during the trial, but he nevertheless urges that the exclusion of the alibi evidence offered by appellant's sister-in-law was error because the prosecution had "opened up" the area by asking the appellant on cross examination where he was on the 9th and 10th of October. Appellant had previously testified on direct examination without objection that he was at his sister-in-law's house. To hold that attempts by the prosecution to place the appellant at the scene of the crime "opens up" the area to admission of alibi witnesses would rob the alibi notice requirements of any meaning.

It cannot be held that attempts by the State in its case-in-chief to place the appellant in the vicinity of the alleged crime "opens up" the area of admission of alibi evidence. In the case presented here the appellant himself was permitted to testify as to his whereabouts in spite of the fact that the alibi statute was not complied with. It would likewise be contrary to the purpose of the alibi statute to hold that when the appellant has testified on direct examination without objection that he was at another location than that of the alleged crime, any questions by the prosecution testing the veracity of that statement "opens up" the area to a parade of corroborative alibi witnesses, in spite of the failure of the appellant either to notify the prosecution as required by statute or submit any explanation at all for his failure to do so.

Appellant further asserts that because the court failed to inquire or investigate as to whether or not there was good cause for the failure to file the notice the exclusion of the evidence is error. It is patently clear, however, both from the statute itself and cases interpreting the statute that it is not the duty of the court to establish excuses for the appellant's failure to file the notice. Burns § 9-1633, *supra,* itself, clearly places the burden on the appellant when it states "in absence of good cause *shown by the defendant*"

(Emphasis added.), the alibi evidence must be excluded. *Lake v. State* (1971), 257 Ind. 264, 274 N. E. 2d 249. This is not a case of weighing what type of explanation would establish good cause under the statute, but is rather a following of statutory and case law in holding that the burden of explaining his lack of notice falls on the appellant.

Appellant next seeks to take advantage of the exception incorporated into the statute when the trial is set to start less than fourteen days from the date of the trial setting. The record here clearly indicates that the date of trial setting was at a bond reduction hearing on April 7th, and the trial itself began on April 30th. Obviously this is more than fourteen days. But appellant urges that a continuance sought by him and granted to him on April 30th brought him within the fourteen day exception since trial was resumed on May 14th, which is fourteen days from the date of the continuance. It is obvious, however, that what we are dealing with here is not two separate trials but rather one trial which was continued at the appellant's request. The fourteen day exception to the alibi statute refers to the time between the setting of trial date and the commencement of trial itself, and is designed to assure the defendant ample opportunity to comply with the notice requirement. Appellant had well over the fourteen day time period.

Appellant's next area of contention deals with the failure of the prosecution to establish the exact date of the offense. The evidence in this area reveals that Russell Wheeler testified that the appellant and he broke into the house on the night of either October 9th or 10th of 1970. Mr. Wheeler testified that he could not recall which of the two dates it was, but was certain that it was either one or the other.

It should be noted here that there is no problem on the facts presented of a possible disadvantage to the appellant by forcing him to defend a charge against himself which could have taken place over a long period of time, or of surprise to him because of a drastic difference

in time spans between the date of the crime alleged on the affidavit and the time established by testimony at trial. The affidavit stated that the burglary had taken place "on or about October 9, 1970" and evidence at trial established the time as either the 9th or 10th of October. Appellant was obviously not prejudiced by any variance in the dates since his testimony for both nights was that he was at his sister-in-law's house. Nor is this a situation which raises problems of lack of specific conformance to dates alleged which sometimes arises when the alibi statute requires the prosecutor to give notice of such dates to the defendant. I.C. 1971, 35-5-1-2, being Burns § 9-1632. The problem presented here is simply that on a charge of first degree burglary the State's witnesses are unsure of whether the offense took place on one of two consecutive days. When such is the case and where the date of the offense is not an essential element of that offense both statutory and case law permit such variance. I.C. 1971, 35-1-23-10, being Burns § 9-1106; *Evans* v. *State* (1946), 224 Ind. 428, 68 N. E. 2d 546.

Lastly, appellant contends that he was not afforded a preliminary hearing before the municipal court as provided for by I.C. 1971, 35-4-1-1, being Burns § 9-704a. The only place where this appears on this record, however, is in appellant's brief as a bare assertion of fact. There is absolutely nothing in the official record to indicate that appellant was denied his right to a preliminary hearing. The record is silent as to whether or not any such hearing was afforded and this Court cannot reach the merits of questions which are not clearly presented in the official record of the proceedings. Counsel should establish in the official record below the fact that a preliminary hearing was not afforded the appellant, if that is the case. It is quite impossible for this Court to rule on situations which may or may not have taken place earlier in the proceedings and which do not appear in the official record.

The judgment of the trial court is affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 287 N. E. 2d 252.