ENOS J. HAMPTON *v.* STATE OF INDIANA.

[No. 3-975A194. Filed January 31, 1977. Rehearing denied March 14, 1977. Transfer denied November 8, 1977.]

*Terry E. Johnson,* of Valparaiso, for appellant.

*Theodore L. Sendak,* Attorney General, *Joseph Reiswerg,* Deputy Attorney General, for appellee.

GARRARD, J.—Appellant Hampton appeals from a conviction of entering to commit a felony. The facts germane to this appeal establish that on the evening of January 24, 1975, Hampton and one Billy Dunbar opened a window and entered an apartment from which they took several items of personal property including a television set. Shortly thereafter, Lester Desser, a resident of the apartment building, discovered the open door of the apartment which had been broken into, observed a trail of merchandise, and saw two men running away from him on Oak Avenue. He chased the men to the top of the dunes where they hid. After evading Desser, Hampton, Dunbar and Claude Butler attempted to get away in their automobile, but Desser's brother-in-law had blocked the road with his car and the three were trapped on a dead end street. Dunbar and Butler were apprehended at a dead end cul-de-sac at approximately 10:00 p.m. Hampton was arrested outside his home at approximately midnight and was taken back to the scene where he was identified by Desser.

## I. Alibi Statute

Hampton filed a notice of alibi and request requiring the prosecution to respond with a specific statement of the exact date and the exact place the state intended to prove at trial regarding the offense charged. *See,* IC 1971, 35-5-1-2. The state responded by reinterating the date of January 24, 1975 and stating the location of the apartment.

Hampton argues this was not a meaningful response and that therefore pursuant to IC 1971, 35-5-1-3 the court should

have excluded the state's evidence tending to show Hampton was not where he stated he was in his alibi notice. He contends that to comply with the statute the state was required to specify not only the date but the time of the offense.

This contention is without merit. The express language of the statute requires the exact date but no more. Furthermore, the statute provides meaningful discovery. The purpose of the alibi statute is two-fold. Under our principles of general criminal law where time is not the essence of the offense, the state is not restricted to proving commission of the offense upon the date alleged in the indictment or information. *Evans* v. *State* (1946), 224 Ind. 428, 68 N.E.2d 546. In cases of mistaken identity the most convincing evidence the accused may be capable of offering to establish his innocence is to establish by reliable witnesses that he was elsewhere when the offense was committed. The first purpose of the statute is to protect his ability to do so by committing the state to a particular date and place it intends to prove as the date and place the offense was committed. On the other hand, the law recognizes that many justly accused of crime will contend they were elsewhere and produce evidence to that effect. The second purpose of the statute is to advise the state in advance of trial of the exact place the accused claims to have been when the offense was committed so that the state may investigate the alibi and either dismiss the charges before trial if it is discovered the wrong person is accused, or secure evidence to prove the alibi false, if such be the case. While under the statute the state may amend to a different date than that originally charged, the accused may respond by a new alibi notice. IC 1971, 35-5-1-2.

While on occasion it may be important for the accused to discover the time of day the offense was allegedly committed, he has other discovery tools for doing so. The statutory purposes are reasonably served by specification of the date. Thus, the discovery provided by the statute is both reciprocal

and meaningful. *Compare: Wardius* v. *Oregon* (1973), 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82, where a notice of alibi statute was struck down upon due process grounds because the state had no obligation to respond and thereby limit its proof.

## II. Limitation on Cross Examination

One of the accomplices, Claude Butler, testified for the state. During cross examination, Hampton was permitted to establish the terms of Butler's agreement with the prosecuting attorney and that Butler, who was seventeen years of age, had been referred to the Lake County Juvenile Probation Department. The court, however, sustained the state's objection when Hampton sought to go into the "charges or referrals." This limitation did not amount to a denial of confrontation, *see, Davis* v. *Alaska* (1974), 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347. Accordingly, the limitation was within the sound discretion of the trial court and is reviewable only for an abuse of discretion. *Borosh* v. *State* (1975), 166 Ind. App. 378, 336 N.E.2d 409.

Considering the juvenile status of the witness and the fact that Hampton posed no sepecific quesion for a ruling, we cannot say that Hampton has established an abuse of discretion by the court.

## III. Identification Evidence

Hampton urges that the court should have precluded his in-court identification by Lester Desser on the grounds that it was tainted by an unduly suggestive pretrial identification procedure. The procedure referred to occurred when Hampton was returned to the apartment building in a police car after his arrest. Desser viewed him in the police car and identified him as one of the persons he had seen earlier.

The court correctly allowed the evidence. Pretrial confronta-

tions occurring immediately after the commission of an offense and upon the apprehension of an accused are not per se unduly suggestive even though the accused is the only suspect present. *Wright* v. *State* (1972), 259 Ind. 197, 285 N.E.2d 650. The freshness of the event substantially offsets the chance for misidentification presented by the fact of a single suspect in apparent custody. Thus, whether the confrontation is overly suggestive must be determined from the total circumstances. Here the evidence disclosed that Desser had ample opportunity for recognition and that he accurately described Hampton's appearance and attire. He exhibited no uncertainty in his identification. There was a sufficient basis for his testimony.

## IV. Hearing on Voluntariness

When the state rested, Hampton testified in his own defense regarding his alibi. On cross examination, the state inquired at length about a conversation he had with the police after he was arrested.[1] After the defense was presented the state called Police Officer Kaiser as a rebuttal witness. He testified that he had given *Miranda* warnings to Hampton and that Hampton had made a statement. Hampton objected to testimony as to the contents of the statement until it was established that the statement had not been given under threat or coercion. This objection was overruled. The officer then testified that Hampton denied any knowledge of the offense, at first, even denied that he was acquainted with Dunbar and Butler, the other participants who had already been apprehended. The only issue urged on appeal is that the court erred in failing to hold a hearing outside the presence of the jury pursuant to IC 1971, 35-5-5-1, at the point where Hampton objected to the officer's rebuttal testimony.

In this case it is unnecessary to analyze *seriatim* the consequences of this sequence of events. A violation of the statu-

---

1. While an objection was interposed during cross examination, it was not the same objection made during rebuttal and now relied upon.

tory mandate for a hearing is not per se reversible error. Where we can determine upon the basis of the contents of the statement and all the other evidence produced at trial that the evidence of guilt was overwhelming and an error was harmless beyond a reasonable doubt, the judgment should be affirmed. *Colvin* v. *State* (1976), 264 Ind. 514, 346 N.E.2d 737.

Here there was no doubt that the crime was committed. Hampton was identified as a principal not only by witness Desser, but also by both Dunbar and Butler, the other participants. The statements of Hampton were neither an admission of guilt nor directly inculpatory. The error, if any, in failing to conduct a voluntariness hearing at the state of the proceedings in question was harmless.

Affirmed.

Hoffman, J., concurs; Staton, P.J., concurs in result and files separate opinion

## OPINION CONCURRING IN RESULT

STATON, P.J.—I concure in result. I know of no authority and the majority cites none which recognizes judicially that ". . . On the other hand, the law recognizes that many justly accused of crime will contend they were elsewhere and produce evidence to that effect. . . ."

If Hampton desired to discover the exact time that the state would prove the offense was committed, he could have filed an interrogatory.

The independent in-court identification of Hampton was sufficient to establish his identification as one of the principals who committed the burglary. *Stephens* v. *State* (1973), 260 Ind. 326, 295 N.E.2d 622. In *Stephens* v. *State, supra,* Chief Justice Givan concluded at p. 624:

". . . With regard to the identification, Mrs. Collins' testimony during appellant's trial clearly established that her

identification in court was based solely upon her observations of appellant and her recollection of his appearance at the time of the crimes. Thus, any possible irregularity concerning any line-up or photograph identification was harmless. . . ."

NOTE.—Reported at 359 N.E.2d 276.