DARRELL WAYNE FIELDS *v.* STATE OF INDIANA

[No. 2-676A218. Filed September 21, 1977.]

Barteau and Deal, of Speedway, for appellant.

*Theodore L. Sendak*, Attorney General, *John P. Avery*, Deputy Attorney General, for appellee.

SULLIVAN, P.J—Fields appeals his armed robbery conviction.[1]

The evidence most favorable to the State establishes that an individual identified as Fields entered the Indiana Central Pharmacy and walked to the record rack. When the other customers had left the store, the cashier, Ms. Edna Dean, approached Fields and asked if he needed assistance. Fields began walking towards her with a gun in his hand and, threatening to kill her if she made any noise, demanded all the money in the cash register. Dean opened the cash register and gave Fields all the money, which totalled about $130. Fields then made Dean lie prone on the floor while he effected his getaway.

Fields asserts two errors:

(1) That the trial court abused its discretion in refusing to permit filing of a second alibi notice on the first day of trial, and;

(2) That the trial court erred in refusing cross-examination of two state's witnesses regarding an allegedly suggestive pre-trial line-up.

We affirm.

## I.
## ALIBI EVIDENCE PROPERLY EXCLUDED

I.C. 35-5-1-1 (Burns Code Ed. 1975) provides that a defendant shall serve notice of his alibi defense upon the prosecuting attorney not less than 10 days before trial. I.C. 35-5-1-3 (Burns Code Ed. 1975) mitigates the potential harshness of a strict application of the 10-day period by allowing the court, in the exercise of its discretion, to extend the time for filing. It further provides:

"... At the trial, if it appears that the defendant has failed to

---

1. I.C. 35-12-1-1 (Burns Code Ed. 1975).

file and to serve upon the prosecuting attorney the defendant's original notice of alibi as prescribed herein, the court shall, in the absence of a showing of good cause for such failure by the defendant, exclude evidence offered by the defendant to establish an alibi. . . ."

Fields had filed a notice of alibi on December 29, 1975, alleging that he was with his brother during the time the offense in question was committed. On January 14, 1976, the first day of trial, Fields moved for leave of court to file a belated notice of alibi which placed Fields with another person on the date of the offense. An affidavit was submitted stating that Ms. Edna Plowman, who had been on Fields' witness list since November 5, 1975, had determined (on January 13, 1976) that Fields was with her on the date of the offense. The affidavit further stated that counsel for the defense was informed of this fact for the first time on January 13, 1976. After argument, the trial court denied the motion.

The statute does not appear to contemplate the situation before us. It speaks in terms of excluding alibi testimony or granting an exception for "good cause" shown if defendant has failed to file and serve an *original* notice of alibi. We do not believe that the General Assembly envisioned a "good cause" showing for failure to file notice of an alibi inconsistent with a timely filed alibi notice.

Even were it otherwise, we see no showing of good cause as a matter of law. Such showing would be essential to reversal for abuse of trial court discretion in excluding the proferred alibi testimony.

Any potential alibi is peculiarly within the knowledge of the defendant. Where compliance with the statute is lacking, the defendant bears the burden to show sufficient cause to put aside the statutory requirements. *Stapp v. State* (1972) 259 Ind. 330, 287 N.E.2d 252. Fields has not met that burden merely by filing an affidavit, the author of which he knew at least two months prior to trial was to testify in his behalf.

The bald assertion that the information only became available on the day of the trial does not, without more, demonstrate

sufficient good cause to require reversal based upon an abuse of discretion. To so hold would thwart the policies of the statute so clearly enunciated in *Hampton v. State* (1977) 172 Ind. App. 55, 359 N.E.2d 276 at 278. It was no abuse of discretion for the trial court to fulfill these policies by preventing the assertion of an "eleventh hour defense". Doubly so, when the defense is a substitute for an earlier asserted, but now discarded, totally inconsistent defense.

We hold, therefore, that the trial court did not abuse its discretion in excluding evidence of Fields' second alibi.

## II.

### NO ERROR DEMONSTRATED CONCERNING CROSS-EXAMINATION

Fields' second allegation of error is the trial court's refusal to permit his counsel to cross-examine two State's witnesses regarding an allegedly improper pre-trial line-up. There is nothing in the record to support such a claim. Not only was the cross-examination of these witnesses permitted, but the record does not conclusively demonstrate that the trial court refused permission to go into the subject of the pre-trial line-up.

A motion to suppress the in-court identification of Fields was filed, alleging that it would stem directly from an impermissibly suggestive pre-trial line-up. The transcript of the hearing on this motion is not in the record before us. The trial court's order book entry states that the motion was denied in its entirety. However, in an exchange between the court and opposing counsel occurring at trial, there are indications that the line-up identification was suppressed but not the in-court identification.

The confused and confusing references to those matters which were the proper subjects of identification testimony would have been resolved by a more specific transcript of earlier proceedings. The record before us reflects only that opposing counsel and the trial court misconstrued or disagreed as to what had transpired before. This circumstance emphasizes the need

for counsel to assure that the record is clear with respect to rulings which may form the basis for appeal.

We find nothing in the record which compels the conclusion that specific directions were given forbidding mention of the pretrial line-up. It is the duty of the appellant to present an adequate record to the appellate court for a determination on the merits of each alleged error. *Schuman v. State* (1976), 265 Ind. 586, 357 N.E.2d 895, 899; *Buchanan v. State* (1975), 263 Ind. 360, 332 N.E.2d 213, 217. This has not been done.

Judgment affirmed.

Hoffman, J., (participating by designation) and

Buchanan, J., concur.

NOTE—Reported at 367 N.E.2d 36.