PHILLIP HARTMAN *v.* STATE OF INDIANA

[No. 1-977A215. Filed May 15, 1978. Rehearing denied June 26, 1978. Transfer denied December 1, 1978.]

*Vincent S. Taylor*, of Bloomington, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Robert J. Black*, Deputy Attorney General, for appellee.

LYBROOK, P.J. — Defendant-appellant Phillip Hartman (Hartman) brings this appeal from his conviction in a trial by jury of the crimes of Theft,[1] Automobile Banditry[2] and Third Degree Burglary.[3]

The evidence most favorable to the State shows that at 12:45 a.m. on November 28, 1974, deputy sheriffs from Morgan County discovered a green and white pickup truck parked near the then Penn-Central railroad tracks in rural Morgan County. Six new railroad crossties were found in the bed of the truck, which was registered to Mrs. Shirley Hartman, wife of defendant. Railroad crews had been working on the tracks in the area and new crossties had been deposited along the tracks at 6 to 8 foot intervals, for use by the railroad in its repair work.

No one was found in the vicinity of the truck, although deputies heard noises of someone fleeing through a nearby field. The deputies had the truck with its load of ties towed by wrecker to Smith's Garage in Martins-

---

1.  IC 1971, 35-17-5-3 (Burns Code Ed.).

2.  IC 1971, 35-12-2-1 (Burns Code Ed.).

3.  IC 1971, 35-13-4-4(c) (Burns Code Ed.).

ville where it was placed in the impoundment lot (an area enclosed by fencing used to store impounded vehicles).

A railroad policeman from Penn-Central inspected the ties and identified them as being the property of the railroad on the basis of the "P-C" or Penn-Central markings stamped in the end of each tie. The value of each tie was established to be approximately $12. No one had given Hartman permission to take the crossties.

Later, the wire fence surrounding the impoundment lot was cut and the truck with its load of ties was driven away. The truck was discovered in Hartman's driveway two weeks after its disappearance.

One witness testified that Hartman had come to the witness' home in Bloomington on the night of the theft, and told the witness that he (Hartman) was in a "jam" over the crossties, and that he had slipped away from sheriff's deputies while they were looking at his truck. The witness further stated that he drove Hartman to Martinsville on the night of December 1, for the expressed purpose of getting Hartman's truck from the impoundment lot. After Hartman disposed of the ties, the witness followed Hartman to Indianapolis where Hartman parked the truck in the parking lot at the Chevrolet plant where both men worked. The truck remained at the Chevrolet lot for two or three weeks until Hartman took it home.

The witness also testified that Hartman informed him that he left the truck in Indianapolis to keep police from finding it, that he had cut his way into the impoundment lot by cutting the fence and that he had dumped the ties into a river bottom on the way to Indianapolis. Hartman also told the witness that he had stolen all the ties used to build a fence around his house. Railroad ties were found in a new fence on Hartman's property.

At a trial by jury, Hartman was convicted on one count of Theft, Third-Degree Burglary and Automobile Banditry. Judgment was entered on only two verdicts with Hartman being sentenced to 1 to 5 years imprisonment at Indiana Department of Corrections on the Automobile Banditry Conviction, and a $500 fine on the Third Degree Burglary Charge.[4] After

---

4. Hartman was found not guilty on one count of theft.

the timely filing of his Motion to Correct Errors, which was overruled by the court, Hartman filed his praecipe and brings this appeal.

Hartman raises the following issues for our review.[5]

(1)  Whether the trial court erred in sustaining the State's Motion in Limine prohibiting Hartman from presenting his alibi defense for failure to file a timely and correct notice of alibi?

(2) Whether the trial court erred in prohibiting Hartman from testifying concerning his alibi?

(3) Whether the convictions of theft and auto banditry were contrary to law and not supported by sufficient evidence?

I.

Hartman alleges that the trial court erred in sustaining the State's Motion in Limine prohibiting him from presenting his alibi defense for failure to file a proper and timely notice of alibi specifying the exact place where Hartman claimed to have been at the time of the offense charged. Hartman maintains that his failure to meet the requirements of IC 1971, 35-5-1-1 was for good cause shown, and thus exempted from the exclusionary provisions of IC 1971, 35-5-1-3.

IC 1971, 35-5-1-1 through 3 set forth the following:

"35-5-1-1 [9-1631]. Notice to prosecuting attorney when evidence of alibi to be offered — Exception. — Whenever a defendant in a criminal case in a court other than that of a justice of the peace shall propose to offer in his defense evidence of alibi, the defendant shall, not less than ten [10] days before the trial of such cause, file and serve upon the prosecuting attorney in such cause a notice in writing of his intention to offer such defense. *The notice shall include specific information in regard to the exact place at which the defendant claims to have been at the time stated in the indictment for information as the time of such offense.* The provisions of this chapter [35-5-1-1 — 35-5-1-3] shall not apply in case the court sets the trial for a date less than fourteen [14] days ahead. . . .

35-5-1-2 [9-1632]. Contents of notice to prosecuting attorney — Second notice by defendant. — In the defendant's notice, required

---

5.    All other issues alleged in Hartman's Motion to Correct Errors were waived by his failure to specifically set forth and argue such errors in appellant's brief, as per Indiana Rules of Procedure, Appellate Rule 8.3.

under this chapter [35-5-1-1 — 35-5-1-3], *the defendant may also expressly require the prosecuting attorney to file and to serve upon the defendant or upon his counsel a specific statement in regard to the exact date which the prosecution proposes to present at the trial as the date when, and the exact place which the prosecution proposes to present at the trial as the place where the defendant was alleged to have committed or to have participated in the offense.* If the defendant's notice requires such statement by the prosecuting attorney, or if the prosecuting attorney proposes to present at the trial as the specific date when the defendant committed or participated in the offense a date other than the date stated in the defendant's notice, the prosecuting attorney shall file and serve such statement upon the defendant or upon his counsel not later than eight [8] days before the trial. If the prosecuting attorney's statement to the defendant names a specific date other than the date which is stated in the indictment or information and in the defendant's notice, the defendant shall not later than four [4] days after the filing of the prosecuting attorney's statement file and serve upon the prosecuting attorney defendant's second notice presenting for such changed date the same details required for the original notice. . . .

35-5-1-3 [9-1633]. Failure to file notices and statements — Evidence excluded. — In the event of the failure of the defendant to file and to serve the defendant's original notice, as prescribed herein or the defendant's second notice as prescribed herein, or in the event of the failure of the prosecuting attorney to file and to serve the prosecuting attorney's statement as prescribed herein, the court may in its discretion extend the time for filing the same. *At the trial, if it appears that the defendant has failed to file and to serve upon the prosecuting attorney the defendant's original notice of alibi as prescribed herein, the court shall, in the absence of a showing of good cause for such failure by the defendant, exclude evidence offered by the defendant to establish an alibi.* At the trial, if it appears that the prosecuting attorney has failed to file and to serve upon the defendant or upon his counsel the prosecuting attorney's statement as prescribed herein, the court shall, in the absence of a showing of good cause for such failure by the prosecuting attorney, exclude evidence offered by the prosecuting attorney to show that the defendant was at a place other than the place stated in the defendant's original notice and that the time was other than the time

stated in the defendant's original notice. At the trial, if it appears that the defendant has failed to file and to serve upon the prosecuting attorney, the defendant's second notice as prescribed herein, the court shall, in the absence of a showing of good cause for such failure by the defendant, exclude evidence offered by the defendant to establish that he was at a place other than the place specified in the prosecuting attorney's statement, and that the time was other than the time stated in the prosecuting attorney's statement." . . . (Burns Code Ed.). (Emphasis added).

On January 31, 1977, Hartman acting as his own attorney, filed his Notice of Alibi with the Prosecuting Attorney. The notice advised the State that Hartman would attempt to prove an alibi and requested the Prosecuting Attorney to specify the exact time, place, location and date of the offense. The Notice failed to include specific information in regard to the exact place the defendant-appellant claims to have been at the time of the offenses, as required by IC 1971, 35-5-1-1.

The State filed its response to the Notice of Alibi on February 3, 1977, as per IC 1971, 35-5-1-2 and on the day of trial, April 11, 1977, filed a Motion in Limine pursuant to IC 1971, 35-5-1-3, asking the trial court to exclude any evidence offered by Hartman to establish an alibi. The trial court granted the Motion in Limine.

While the State filed its reply to the defective notice of alibi on February 3, 1977, Hartman claims that he never received the State's response and was not made aware of the State's answer until four or five days prior to trial through a telephone conversation between the Prosecuting Attorney and Hartman's newly-acquired counsel. At that time, defendant-appellant's counsel related to the prosecutor the substance of Hartman's alibi and named the witnesses to be called.

Hartman asserts that his failure to comply literally and technically with the requirements of IC 1971, 35-5-1-1 and IC 1971, 35-5-1-2 was for "good cause" shown and thus excusable under IC 1971, 35-5-1-3.

The purpose of IC 1971, 35-5-1-1 through 3, was expressed by the Indiana Court of Appeals in *Hampton v. State* (1977), 172 Ind. App. 55, 359 N.E.2d 276, where Judge Garrard wrote:

"The purpose of the alibi statute is twofold. Under our principles

of general criminal law where time is not the essence of the offense, the state is not restricted to proving commission of the offense upon the date alleged in the indictment or information. *Evans v. State* (1946), 224 Ind. 428, 68 N.E.2d 546. In cases of mistaken identity the most convincing evidence the accused may be capable of offering to establish his innocence is to establish by reliable witnesses that he was elsewhere when the offense was committed. The first purpose of the statute is to protect his ability to do so by committing the state to a particular date and place it intends to prove as the date and place the offense was committed. On the other hand, the law recognizes that many justly accused of crime will contend they were elsewhere and produce evidence to that effect. The second purpose of the statute is to advise the state in advance of trial of the exact place the accused claims to have been when the offense was committed so that the state may investigate the alibi and either dismiss the charges before trial if it is discovered the wrong person is accused, or secure evidence to prove the alibi false, if such be the case. While under the statute the state may amend to a different date than that originally charged, the accused may respond by a new alibi notice. IC 1971, 35-5-1-2 . . . Thus the discovery provided by the statute is both reciprocal and meaningful. Compare: *Wardius v. Oregon* (1973), 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82, where a notice of alibi statute was struck down upon due process grounds because the state had no obligation to respond and thereby limit its proof."

Any potential alibi is peculiarly within the knowledge of the defendant. Where compliance with the statute is lacking, the defendant bears the burden to show sufficient cause to put aside the statutory requirements. *Stapp v. State* (1972), 259 Ind. 330, 287 N.E.2d 252; *Fields v. State* (1977), 174 Ind. App. 294, 367 N.E.2d 36.

Where there is a showing of "good cause" for the defendant's failure to meet statutory requirements, the trial court may admit the alibi evidence. IC 1971, 35-5-1-3 makes the admission or exclusion of such evidence a matter of trial court discretion.

When an act has been committed to the trial court's discretion, its decision will be reversed only upon a showing that discretion has been manifestly abused and that the complaining party has been denied a fair trial. *Winker v. State* (1977), 174 Ind. App. 258, 367 N.E.2d 26.

In *Shelton v. State* (1972), 259 Ind. 559, 290 N.E.2d 47, Justice Hunter, writing for the Indiana Supreme Court, addressed a question analogous

to the one at bar. There the defendant-appellant failed to meet the statutory requirements of IC 1971, 35-5-1-1, and then alleged that the State's failure to meet the requirements of IC 1971, 35-5-1-3, was a breach of statutory duty requiring the trial court to preclude admission of the State's evidence opposed to his alibi defense. The Supreme Court held that Shelton's obvious failure to comply with the alibi notice requirements of IC 1971, 35-5-1-1 foreclosed his assertion of rights created by IC 1971, 35-5-1-2, in that IC 1971, 35-5-1-1 is the mechanism which "triggers" the invocation of IC 1971, 35-5-1-2. The *Shelton* case cited *Pearman v. State* (1953), 233 Ind. 111, 117 N.E.2d 362, and reaffirmed the proposition that adherence to the requirements of IC 1971, 35-5-1-1 is a condition precedent to the operation of the rights and duties created by IC 1971, 35-5-1-2.

Here, Hartman filed a defective alibi notice and then made no apparent effort to obtain the desired information when it became evident that no reply had been received.

Although some allowance is made for persons proceeding without counsel, the Indiana Supreme Court has established that a defendant acting as his own counsel must be held to the established rules of procedure, the same as trained legal counsel. *Smith v. State* (1977), 267 Ind. 167, 368 N.E.2d 1154.

When it became evident to Hartman, proceeding pro se, and later when he retained legal counsel (some two months prior to trial), that no reply had been received to the Notice of Alibi, there was a duty and responsibility to check the court records for any matters filed in this cause. A check of the filing records would have revealed not only the defective alibi notice but the State's response which Hartman alleges he never received. Clearly, the telephone call by Hartman's counsel to the prosecuting attorney four or five days prior to trial does not constitute "good faith" compliance with the statute.

Hartman's failure to meet the statutorily required conditions precedent to admission of alibi evidence in the first instance and his subsequent failure to bring himself within compliance prior to trial were contrary to the purpose of the alibi notice statute and thus the trial court

was acting within its discretion in granting the State's Motion in Limine to keep out Hartman's alibi defense.[6]

## II.

Next, Hartman asserts that the trial court erred in sustaining the State's Motion in Limine prohibiting Hartman from testifying regarding his alibi. It is his contention that exclusion of his own alibi testimony was violative of constitutional protection guaranteed him by the Sixth Amendment of the United States Constitution and Article 1, § 13, of the Indiana Constitution.

While several states and the Federal Rules of Criminal Procedure, Rule 12.1(d) specifically exempt the defendant's own testimony from the exclusionary sanctions of notice of alibi statutes, Indiana Courts have interpreted the provisions of IC 1971, 35-5-1-3 to require exclusion of the defendant's testimony where notice of alibi has not been filed and where the defendant has not shown "good cause" for failure to do so. *Bowen v. State* (1975), 263 Ind. 558, 334 N.E.2d 691; *Lake v. State* (1971), 257 Ind. 264, 274 N.E.2d 249.

In *Bowen* and *Lake*, the Indiana Supreme Court found that the notice statute served the truth-finding process by protecting the state from easily fabricated "eleventh hour" defenses, and by enabling the state to make adequate trial preparation. The Court specifically held that when such statutes place reciprocal burdens of disclosure upon the state, they are not violative of the defendant's due process rights, citing *Wardius v. Oregon* (1973), 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82; *Williams v. Florida* (1970), 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446.

## III.

Finally, Hartman questions whether his convictions of theft and auto banditry were contrary to law and not supported by sufficient evidence

---

6. The writer notes in passing that the record shows that Shirley Hartman, defendant's wife, was allowed to testify without objection that Hartman arrived home from work at 12:15 a.m. on the night the police later discovered the pickup truck loaded with crossties.

in that the State failed to prove ownership of the crossties which were alleged to have been stolen.

When reviewing for the sufficiency of the evidence, this court will neither weigh the evidence nor determine the credibility of witnesses. Only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom will be considered on appeal. If there is substantial evidence of probative value sufficient to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. *Capps v. State* (1972), 258 Ind. 565, 282 N.E.2d 833. Circumstantial evidence is no different than other evidence for this purpose, and standing alone may sufficiently support the convictions. *Mitchell v. State* (1977), 266 Ind. 656, 366 N.E.2d 183.

Here, the evidence shows that the crossties were new and were stamped with the "P-C" emblem placed on all crossties owned by the Penn-Central Railroad. The crossties were found in the bed of an abandoned pickup truck late at night in a remote area of Morgan County where Penn-Central had deposited a quantity of crossties alongside its tracks, which were under repair. Hartman also admitted to a State's witness that he was "in a jam over the crossties he got off the Penn-Central railroad." The truck carrying the load of ties was registered to Hartman's wife.

Under IC 1971, 35-17-5-13(12), of the definition section of the Offenses Against Property Act:

" '*Owner' means a person, other than the actor, who has possession of or any other interest in the property involved, even though such interest or possession is unlawful, and without whose consent the actor has no authority to obtain or exert the complained of control over the property.* An inference, as defined in section 13(7) [subsection (7) of this section] of this chapter, that an owner is a corporation, organized and existing as such shall be drawn from any evidence that such owner is known by reputation to be a corporation or is held out to the public to be a corporation, or is operating under a name indicating or implying that such owner is a corporation." (Burns Code Ed.). (Emphasis added).

The State not only established that the crossties belonged to the Penn-Central railroad but also proved that the crossties were stolen from

the impoundment lot at Smith's Garage in Martinsville, when Hartman cut the fence and drove the truck away, Smith's Garage having had possession of the truck and ties at the time of the theft.

As to the automobile banditry conviction, IC 1971, 35-13-2-1, is violated when a person commits a felony while using a vehicle to escape. Since Hartman was convicted of theft, that felony conviction was sufficient to meet the requirements of the automobile banditry statute.

Though the issue has not been raised, the court notes that although the jury convicted Hartman of theft, third-degree burglary and automobile banditry based upon the same incident, the trial court did not impose the statutory penalty for theft holding that it was included in the offense of automobile banditry. *Sansom v. State* (1976), 171 Ind. App. 33, 354 N.E.2d 336.

Since the offense of third-degree burglary is not a felony but only a misdemeanor, and since the offense of automobile banditry requires the commission or attempted commission of a felony, the commission of the offense of third-degree burglary could not be the basis for a charge of automobile banditry, *Hatfield v. State* (1961), 241 Ind. 225, 171 N.E.2d 259, thus the two do not merge.

Finding no error on the part of the trial court, the judgment is affirmed.

Affirmed.

Robertson and Lowdermilk, JJ., concur.

NOTE—Reported at 376 N.E.2d 100.