**Richard Lee BAXTER, Petitioner,**

v.

**Jack R. DUCKWORTH; and Indiana Attorney General, Respondents.**

**Civ. No. S88–589.**

United States District Court,
N.D. Indiana,
South Bend Division.

Feb. 10, 1989.

Richard Lee Baxter, pro se.

John M. White, Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

### I.

On September 23, 1988, *pro se* petitioner, Richard Lee Baxter, filed a petition seeking relief under 28 U.S.C. § 2254. The return filed by respondents on December 21, 1988, demonstrates the necessary compliance with the mandates of *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982).

The petitioner was convicted in the Noble Superior Court at Albion, Indiana, of two counts of Child Molesting, two counts of Incest and was found to be an Habitual Offender. On September 6, 1984, he was sentenced to a term of 20 years on each molesting charge, four years on each incest charge, and ten years were added to each sentence for being an habitual offender. The sentences were concurrent. A direct appeal was taken by the petitioner to the Supreme Court of Indiana, which affirmed the aforesaid convictions in an opinion authored by Chief Justice Shepard, as is reported in *Baxter v. State*, 522 N.E.2d 362 (Ind.1988). Justice DeBruler dissented at pages 370–371. The full state record has been filed and examined pursuant to the mandates of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The issues raised here are:

1. Whether the decision of the jury was contrary to the law and the evidence;

2. Whether the court erred in denying the defendant's motion for leave to file notice of alibi defense and not allowing the defendant to testify about his alibi; and

3. Whether the court erred in ruling the victims competent to testify.

## II.

■ The basic facts in the case are briefly stated in a single paragraph in Chief Justice Shepard's opinion as follows:

The evidence at trial showed that Baxter had sexually abused his stepdaughters for several years before he was charged. The victims testified that he had sexual intercourse with them and required them to perform oral sex several times monthly during the year before trial. The girls reported the molestations to other family members, who confronted Baxter but did not report to authorities until shortly before he was charged. The victims revealed the attacks charged in graphic language during discussions with their social worker.

The two stepdaughters were born in 1974 and 1976, respectively. They testified at the trial and were subjected to cross-examination. Specific dates were not identified except that one of the stepdaughters identified one such occasion as being about a month or so before her birthday in 1983. A welfare caseworker and relatives of the victim testified that the victims had related descriptions of these sex acts with the petitioner on other occasions. The caseworker interviewed one victim on March 7, 1984, and the caseworker was able to determine that the last incident involving that victim had occurred on March 3, 1984. The habitual phase of the trial was brought to light by the fact that prior convictions were proven by certified copies of docket sheets, the petitioner's mother testified that it was the petitioner who was convicted of these prior felonies, and the petitioner himself admitted earlier in the trial to being convicted in one of these offenses. The requirements of *Williams v. Duckworth,* 738 F.2d 828 (7th Cir.1984) were met.

Justice Stewart, speaking for the Supreme Court of the United States in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), stated:

A judgment by a state appellate court rejecting a challenge to evidentiary sufficiency is of course entitled to deference by the federal courts, as is any judgment affirming a criminal conviction. But Congress in § 2254 has selected the federal district courts as precisely the forums that are responsible for determining whether state convictions have been secured in accord with federal constitutional law. The federal habeas corpus statute presumes the norm of a fair trial in the state court and adequate state postconviction remedies to redress possible error. See 28 U.S.C. § 2254(b), (d). What it does not presume is that these state proceedings will always be without error in the constitutional sense. The duty of a federal habeas corpus court to appraise a claim that constitutional error did occur—reflecting as it does the belief that the "finality" of a deprivation of liberty through the invocation of the criminal sanction is simply not to be achieved at the expense of a constitutional right—is not one that can be so lightly abjured.

*Id.* at 323, 99 S.Ct. at 2791. *See also Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *Dooley v. Duckworth,* 832 F.2d 445 (7th Cir.1987), *cert. denied,* 485 U.S. 967, 108 S.Ct. 1239, 99 L.Ed.2d 438 (1988); *United States ex rel. Haywood v. O'Leary,* 827 F.2d 52 (7th Cir.1987); *Bryan v. Warden, Indiana State Reformatory,* 820 F.2d 217 (7th Cir. 1987), *cert. denied,* 484 U.S. 867, 108 S.Ct. 190, 98 L.Ed.2d 142 (1987); *Shepard v. Lane,* 818 F.2d 615 (7th Cir.1987), *cert. denied,* 484 U.S. 929, 108 S.Ct. 296, 98 L.Ed.2d 256 (1987); and *Perri v. Director, Department of Corrections,* 817 F.2d 448 (7th Cir.1987), *cert. denied,* 484 U.S. 843, 108 S.Ct. 135, 98 L.Ed.2d 92 (1987). This court has no difficulty in determining that a rational trier of fact could have found proof beyond a reasonable doubt with reference to the petitioner's guilt of all the aforesaid offenses.

## III.

■ The petitioner requests that this court rule as a matter of constitutional due process under the Fourteenth Amendment

that the testimony of these minor victims is absolutely precluded. Proper respect for our federalistic system certainly demands a different approach. There is nothing in the case law that compels this court to visit this kind of a heavy-handed federal constitutional mandate upon the courts of the State of Indiana. Under the federalistic system there is still some considerable leeway within the Constitution to work out rules of evidence, especially in highly-sensitive matters such as this. *See Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Certainly, under the law of Indiana the testimony of the witnesses was admissible. *See Patterson v. State,* 263 Ind. 55, 324 N.E.2d 482 (1975).

■ Neither is this court prepared to state as a matter of absolute constitutional due process doctrine that the state trial judge's procedure in permitting the mother of one of the nine year-old victims to sit silently by that victim while that victim testified. Again, this is a state procedure that does not violate the due process clause of the Fourteenth Amendment. *See Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). It has been recently suggested in this circuit that a habeas court acting under § 2254 is not in a position to re-weigh the credibility, believability and weight to be given to witnesses' testimony that a United States district judge sees only in the written record. *See Weidner v. Thieret,* 866 F.2d 958 (7th Cir. 1989).

### IV.

■ The petitioner attempted to file a belated notice of alibi because of his previous failure to comply with the Notice of Alibi Defense and Procedures in the Indiana Code, which provide as follows:

35–36–4–1 Time of filing; requisite information

Sec. 1. Whenever a defendant in a criminal case intends to offer in his defense evidence of alibi, the defendant shall, no later than:

(1) twenty (20) days prior to the omnibus date if the defendant is charged with a felony; or

(2) ten (10) days prior to the omnibus date if the defendant is charged only with one (1) or more misdemeanors;

file with the court and serve upon the prosecuting attorney a written statement of his intention to offer such a defense. The notice must include specific information concerning the exact place where the defendant claims to have been on the date stated in the indictment or information. *As added by Acts 1981, P.L. 298, SEC. 5. Amended by Acts 1982, P.L. 204, SEC. 30.*

35–36–4–2 Reply by prosecutor; second statement by defendant; filing and service

Sec. 2. (a) When a defendant files a notice of alibi, the prosecuting attorney shall file with the court and serve upon the defendant, or upon his counsel, a specific statement containing:

(1) the date the defendant was alleged to have committed the crime; and

(2) the exact place where the defendant was alleged to have committed the crime;

that he intends to present at trial. However, the prosecuting attorney need not comply with this requirement if he intends to present at trial the date and place listed in the indictment or information as the date and place of the crime.

(b) If a reply by the prosecuting attorney is required by subsection (a) of this section, the prosecuting attorney shall serve such a statement upon the defendant, or his counsel, within seven (7) days after the filing of the defendant's first notice of alibi.

(c) If the prosecuting attorney's statement to the defendant contains a date or place other than the date or place stated in the defendant's original statement, the defendant shall file a second statement of alibi if the defendant intends to produce at trial evidence of an alibi for the date or place contained in the prosecutor's statement. The defendant shall:

(1) file the second statement with the court; and

(2) serve the second statement upon the prosecuting attorney;

within four (4) days after the filing of the prosecuting attorney's statement. The defendant's second statement must contain the same details required in the defendant's original statement. *As added by Acts 1981, P.L. 298, SEC.5.*

35–36–4–3 Failure to file or serve statements; extension of time; exclusion of evidence

Sec. 3. (a) If either the defendant or the prosecuting attorney fails to file or serve statements in accordance with section 2 of this chapter, the judge may extend the time for filing.

(b) If at the trial it appears that the defendant has failed to file and serve an original statement of alibi in accordance with section 1 of this chapter, and if the defendant does not show cause for his failure, then the court shall exclude evidence offered by the defendant to establish an alibi.

(c) If at the trial it appears that the prosecuting attorney has failed to file and serve his statement in accordance with section 2(a) of this chapter, and if the prosecuting attorney does not show good cause for his failure, then the court shall exclude evidence offered by the prosecuting attorney to show:

(1) that the defendant was at a place other than the place stated in the information or indictment; and

(2) that the date was other than the date stated in the information or indictment.

(d) If at the trial it appears that the defendant has failed to file and serve a second statement in accordance with section 2(c) of this chapter, and if the defendant does not show good cause for his failure, then the court shall exclude evidence offered by the defendant to establish that:

(1) he was at a place other than the place specified in the prosecuting attorney's statement; or

(2) the date was other than the date stated in the prosecuting attorney's statement.

*As added by Acts 1981, P.L. 298, SEC.5.*

\* \* \* \* \* \*

The aforesaid notice of alibi statute has been expressly held to be constitutional by the Court of Appeals in *Bruce v. Duckworth,* 659 F.2d 776 (7th Cir.1981). *See also Mauricio v. Duckworth,* 840 F.2d 454 (7th Cir.1988). The petitioner attempted to file a notice of alibi defense on June 13, 1984, 19 days late, which was one day prior to the omnibus date. The state trial court denied leave to file a belated notice and refused to accept any alibi evidence of trial. The Supreme Court of Indiana speaking through the Chief Justice, expressly dealt with this issue in Part III of its opinion at pages 367–370:

Baxter filed a Request for Leave to File Notice of Alibi on June 13, 1984, alleging that he was driving a truck in Pennsylvania on the date of the two charged crimes. The trial court denied the request because the notice of alibi was both tardy and incomplete. Baxter subsequently sought reconsideration of the ruling. The trial court remained steadfast, refusing to allow admission of any alibi evidence, including Baxter's own testimony about his whereabouts on the day of those crimes.

Baxter argues that the trial court's refusal of his notice of alibi deprived him of a fair trial. He contends that the delay in filing the notice and the lack of specificity in it was caused by his inability to procure his driving log from his former trucking company. Baxter asserts that the log was the only document which revealed his exact location on the date at issue.

Presentation of an alibi defense is governed by Ind.Code § 35–36–4–1, which provides in relevant part:

Whenever a defendant in a criminal case intends to offer in his defense evidence of alibi, the defendant shall, *no later than:*

(1) Twenty [20] days prior to the omnibus date if the defendant is charged with a felony ...

file with the court and serve upon the prosecuting attorney a written statement of his intention to offer such a defense. The notice must include *specific infor-*

*mation* concerning the *exact place* where the defendant claims to have been on the date stated in the indictment or information. (emphasis added)

Baxter filed his notice of alibi on June 13, 1984, one day before the omnibus date and consequently nineteen days late. Under these circumstances, the trial court had the discretion to allow a tardy notice of alibi only if good cause existed. *Hartman v. State* (1978), 176 Ind.App. 375, 376 N.E.2d 100. The defendant has the burden of showing the existence of good cause. *Stapp v. State* (1972), 259 Ind. 330, 287 N.E.2d 252 (interpreting similar section in previous alibi statute).

Baxter contends that he had inadequate time to procure the driving log. Although the charges were filed April 6, 1984, Baxter argues that he was in jail until May 14, 1984 and that he was immediately hospitalized for a short time. Following his release from the hospital, Baxter and his wife separated, and Baxter contends that he subsequently had to focus on finding lodging and employment. In addition, trial counsel was out of town for a week during that period.

None of Baxter's explanations constitutes just cause for the delay. Neither Baxter nor his counsel made any effort to acquire the records until nearly two months after his arraignment. Although counsel realized no later than June 13 that the records could be obtained only through subpoena, such was not sought until the motion to reconsider was filed on July 5. Indeed, the record on appeal does not indicate that Baxter ever acquired the records.

Besides being tardy, Baxter's statement that he was in Pennsylvania was too general to meet the requirements of Ind.Code § 35–36–4–1. *See Graham v. State* (1984), Ind., 464 N.E.2d 1 (appellant's statement that he was in Indianapolis at the time of the crime inadequate for notice of alibi); *Ridgeway v. State* (1981), Ind.App., 422 N.E.2d 410 (notice defective which merely stated that defendant was at his home in Kokomo, "among other places"). The trial court did not abuse its discretion under the statute by refusing the notice of alibi.

Baxter further claims that the trial court violated the Fifth, Sixth and Fourteenth Amendments by refusing to allow him to testify on his own behalf regarding his alibi, despite his inadequate notice. Ind.Code § 35–36–4–3(b) provides:

> If at the trial it appears that the defendant has failed to file and serve an original statement of alibi in accordance with section 1 [35–36–4–1] of this chapter, and if the defendant does not show good cause for his failure, then the court shall exclude evidence offered by the defendant to establish an alibi.

We have held that a trial court may exclude a defendant's alibi testimony under this statute. *Lake v. State* (1971), 257 Ind. 264, 274 N.E.2d 249. *See also Hartman v. State* (1978), 176 Ind.App. 375, 376 N.E.2d 100.

Baxter notes that some states and some federal courts have concluded that alibi notice statutes cannot bar a defendant's testimony. These decisions rest in part on the conclusion that a defendant has a constitutional right to testify, although the United States Supreme Court has never expressly so held. Some believe the Court has not been compelled to address that issue directly because every United States jurisdiction has abrogated by statute the common law incompetency of criminal defendants. *See, e.g., Alicea v. Gagnon*, 675 F.2d 913, 920 (7th Cir. 1982). Nonetheless, the Seventh Circuit in *Alicea* relied on a series of U.S. Supreme Court cases in recognizing an accused's right to testify under the Fifth, Sixth, and Fourteenth amendments. *Id.* at 920–923, citing cases such as *In re Oliver*, 333 U.S. 257, 273, 68 S.Ct. 499, 507, 92 L.Ed. 682, 694 (1948) (certain rights basic to our system of jurisprudence include "as a minimum, a right to ... offer testimony ..."); *Harris v. New York*, 401 U.S. 222, 225, 91 S.Ct. 643, 645, 28 L.Ed.2d 1, 4 (1971) ("[e]very criminal defendant is privileged to testify in his own defense, or to refuse to do so"); *Brooks v. Tennessee*, 406 U.S. 605, 612,

92 S.Ct. 1891, 1895, 32 L.Ed.2d 358, 364 (1972) ("[w]hether the defendant is to testify is an important tactical decision as well as a matter of constitutional right"); *Faretta v. California,* 422 U.S. 806, 819 n. 15, 95 S.Ct. 2525, 2533 n. 15, 45 L.Ed.2d 562, 572 n. 15 (1975) (defendant's right to testify in his own behalf is one of several constitutional rights "essential to due process of law in a fair adversary process").

This Court has implied in *dicta* that criminal defendants have a right to testify under the Sixth and Fourteenth Amendments. *Pigg v. State* (1969), 253 Ind. 329, 253 N.E.2d 266. In his concurring opinion in *Bowen v. State* (1975), 263 Ind. 558, 568, 334 N.E.2d 691, 697, Justice DeBruler expressly stated that the accused's right to testify is guaranteed by the Sixth Amendment and Art. 1, § 13 of the Indiana Constitution. In light of all of these cases, we accept Baxter's claim that his right to testify is constitutionally based.

Baxter contends the procedural limitations which the alibi statute places on that right are unconstitutional. States determine what evidence is admissible in their courts, and the only restriction is whether the evidentiary rules violate the federal constitution. The state may not deny a criminal defendant the right to a fair opportunity to defend against the state's accusations. *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). The defendant's right to present evidence is not absolute, however, for it may bow to accomodate other legitimate interests in the criminal trial process. *McMorris v. Israel,* 643 F.2d 458 (7th Cir.1981), *cert. denied,* 455 U.S. 967, 102 S.Ct. 1479, 71 L.Ed.2d 684 (1982).

Several legitimate state objectives are furthered by alibi statutes:

First and foremost, by requiring the accused to reveal his alibi defense in advance, the element of surprise is greatly reduced and the fairness of the adversary system thereby enhanced. Second, the likelihood of government investigation following advance notice discourages defendants from fabricating alibis, a deterrent that is lost when alibis can be introduced without warning during the trial. Finally, notice rules promote the orderly administration of justice by preventing unnecessary continuances and by eliminating trials in those instances where post-notice investigation reveals an alibi's merits.

*Alicea v. Gagnon,* 675 F.2d at 916–17 (citations omitted).

The purpose of the Indiana alibi statute is not to compel the exclusion of evidence or mandate retrials for purely technical errors. *Williams v. State* (1980), 273 Ind. 547, 406 N.E.2d 241. The sanction for noncompliance by the defendant is designed to protect the State from fabrication of defenses and enable prosecutors to prepare adequately for trial. *Riggs v. State* (1978), 268 Ind. 453, 376 N.E.2d 483. This interest was recognized by the U.S. Supreme Court in *Williams v. Florida,* 399 U.S. 78, 81, 90 S.Ct. 1893, 1896, 26 L.Ed.2d 446, 450 (1970). "Given the ease with which an alibi can be fabricated the State's interest in protecting itself against an eleventh-hour defense is both obvious and legitimate."[1]

---

[1] Of course, the alibi statutes also are beneficial to the defendant because they place reciprocal discovery duties on the State. Thus, the defendant is fully aware of the evidence which the State intends to produce to rebut the alibi.

Determining whether the defendant's right to testify must overcome the State's interests is necessarily fact sensitive. The trial court should, of course, consider the acts of the accused and defense counsel which produced the procedurally inadequate alibi. The effects of allowing the alibi evidence is pertinent, because the objective of the alibi statute is prevention of fabrication and surprise, not punishment of the accused for technical errors. Where the defendant or defense counsel files a tardy or inadequate notice of alibi simply because neither has

aggressively pursued that defense and their failure does not deprive the State of sufficient time and information to investigate and respond, the Constitution would seem to require the allowance of at least the defendant's testimony. However, where the defendant purposely suppresses alibi evidence to gain some advantage in the prosecution, preclusion of his testimony may be appropriate. *See Taylor v. Illinois,* 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988); *Alicea v. Gagnon,* 675 F.2d at 925.

In the present case, Baxter and his counsel clearly were dilatory in their efforts to mount an alibi defense. Quite aside from Baxter's tardiness in offering the alibi, he provided the trial court and the prosecution with the defendant's bare assertion that he was somewhere in Pennsylvania on the date of two of the alleged crimes. It would have been a simple matter to subpoena the driving log for use at trial, but the record does not reveal any such attempt by Baxter. At trial, Baxter made no offer to prove with regard to his alibi testimony. Indeed, he has failed to substantiate his alleged alibi by any means, even at this late date. Under these circumstances, the risk of fabrication was considerable.

Moreover, the State's opportunity to investigate or rebut such a vague alibi was minimal, particularly in light of the victims' inability to specify the exact date of the attacks. Although time normally is not of the essence in proving a criminal offense, the raising of an alibi defense by the defendant requires specific proof of the time of the offense. *Aikens v. State* (1972), 154 Ind.App. 36, 289 N.E.2d 152. Baxter failed to substantiate or more particularly specify his alibi in the nearly four months prior to trial, though he had the ability to do so.

"The adversary system of trial ... is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played." *Williams v. Florida,* 399 U.S. at 82, 90 S.Ct. at 1896, 26 L.Ed.2d at 450. Baxter has failed to establish that his right to testify outweighed the legitimate interests protect-ed by the alibi notice requirement. The trial court properly excluded Baxter's alibi testimony.

\* \* \* \* \* \*

In his brief dissent, Justice DeBruler is at odds with the Chief Justice and the rest of the court on the issue of permitting the alibi testimony. The question is whether the procedure adopted in this regard by Judge Roger B. Cosbey of the Noble Superior Court is violative of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

In *Alicea v. Gagnon,* 675 F.2d 913 (7th Cir.1982), the Court of Appeals found that a criminal defendant has an absolute constitutional right to testify in his own behalf. That right to testify must be, however, examined also in the context, in that case, of Wisconsin's notice of alibi statute. The prejudice to the state's case from allowing a defendant to exercise his constitutional right to testify is *de minimis* and does not warrant complete preclusion. In reaching this result, the Court of Appeals found that the purpose of the alibi statute which was to prevent surprise to the state would not be furthered by preclusion of the defendant's testimony, as the state was required to prove his presence at the scene of the crime to begin with.

This court has fully set forth the reasoning of Chief Justice Shepard on the so-called alibi issue because of its quality and correctness under both relevant state and federal authorities. The facts here are in contrast to those found in *Mauricio, supra.* The noncompliance with the alibi statute in this case was with the defendant (here petitioner). In *Mauricio,* the noncompliance was at the doorstep of the prosecution.

The Supreme Court of Indiana fully recognized a criminal defendant's right to testify and this court is in full accord. This does not permit such a defendant to ignore the *essential* time and other requirements of the Indiana alibi statute. Here, the same had all the earmarks of a deliberate tactic. *Compare* the comments of Justice Stevens in *Taylor v. Illinois,* 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988). The

values here are closely aligned to the ones there.

Given the above analysis, it is not necessary to here bottom a decision on harmless error as Judge Bauer did in *Alicea, supra,* and Judge Pell declined in *Mauricio, supra.* *See also* Judge Coffey dissenting in *Eagan v. Duckworth,* 843 F.2d 1554, at 1575 (7th Cir.1988), and in *Dudley v. Duckworth,* 854 F.2d 967, at 974 (7th Cir.1988). However, the harmless error analysis in *Alicea* at page 925 would fully support a like application. Here, the state's evidence of these most serious crimes was overwhelming. That evidence is not flawed under the analysis of Judge Pell in *Mauricio* at 840 F.2d, pp. 459–460. It was not tainted. In this context, it should be emphasized that there was full compliance with the Confrontation Clause of the Sixth Amendment of the Constitution of the United States. *See Delaware v. Van Arsdall,* 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986), and *United States v. Cameron,* 814 F.2d 403 (7th Cir.1987).

It is very important that, at least as a mixed question of law and fact, the Supreme Court of Indiana found that the petitioner's dilatory tactics with reference to the alibi defense and the failure to provide specific information concerning his whereabouts on the date charged amount to suppression of the evidence and prevented the prosecution from investigating his claims in order to rebut his testimony. *Baxter* at page 369. The petitioner was charged by information on April 6, 1984, and his trial began on August 7, 1984. The petitioner never provided any information concerning his whereabouts more specific than that he was in Massachusetts and Pennsylvania. Specific testimony regarding his whereabouts in those two locations would have put the state to an extreme disadvantage, since it would have been unable to have had the time to verify his version of his whereabouts. Although this court is invited to treat the state's treatment of the alibi issue as a harmless error under *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), it will respectfully decline to do so, given the current jurisprudence on that subject in this circuit.

The Due Process Clause of the Fourteenth Amendment should not be used by a federal habeas corpus court to inflict a one-sided gash in the fabric of this even-handed state statutory alibi procedure. The state court judge acted well within the words and spirit of the relevant Indiana statutory scheme. The Supreme Court of Indiana decided no less. That court also clearly implied that such action was also within the Due Process Clause. A complete and careful examination of the record leads this court to a like conclusion. Therefore, there is no basis for the grant of any writ under § 2254. The same is now DENIED.

IT IS SO ORDERED.