## McDowell v. State of Indiana

[No. 28,315. Filed December 19, 1947.]

*Paul Wever*, of Evansville, for appellant.

*Cleon H. Foust*, Attorney General, *Frank E. Coughlin*, First Deputy Attorney General, and *Merl M. Wall*, Deputy Attorney General, for the State.

YOUNG, J.—On December 6, 1943, prosecution of the appellant was started by an affidavit filed in the Vanderburgh Circuit Court charging him with first degree burglary. He was arraigned and pleaded guilty and sentenced to 10 to 20 years in the Indiana State Prison. On July 6, 1946, he filed a petition for a writ of error *coram nobis*. The writ was granted on September 5, 1946, and defendant was ordered returned from the

state prison to Vanderburgh County for a second trial and on October 3, 1946, the court appointed an attorney to defend him. On November 26, appellant refused to plead to the charge contained in the affidavit and the court entered a plea of not guilty for him and the cause was set for trial by jury on December 27, 1946. On December 27, 1946, another attorney entered his appearance for appellant and the attorney appointed by the court withdrew his appearance and the trial proceeded. Evidence was heard and the jury returned a verdict of guilty of first degree burglary and thereafter appellant was again sentenced to 10 to 20 years imprisonment in the state prison.

On January 23, 1947, appellant filed his verified petition to appeal as a poor person which was sustained by the court and counsel was appointed to represent him on appeal. On January 25, a motion for a new trial was filed. On February 26, the motion for a new trial was overruled. Bills of exceptions containing the evidence and instructions were filed in time.

Under our Constitution, Art. 1, § 13, appellant has a right to be heard by himself as well as counsel and in this case appellant elected to prepare his own specifications of alleged irregularities in the proceedings and errors of law occurring at the trial which his counsel incorporated by reference in a motion for a new trial. Appellant also prepared his own points and authorities and argument for his brief in this court. His counsel incorporated them in the brief after preparing the more formal parts.

In the motion for a new trial appellant challenged the sufficiency of the evidence. There is ample evidence from which the jury could have found that appellant entered a residence in Evansville, Indiana, in the very early morning of

December 6, 1943. He roused the occupants of the house and was captured on the premises with property belonging to the occupants of the house in his possession. He also had upon him several screw drivers and a quantity of whiskey and policemen testified that one of the screw drivers fitted into marred places on the basement door of the house through which appellant entered. The evidence was amply sufficient to support the verdict.

It appears that appellant's chief grievances are that, having once been tried and convicted, he should not have been subjected to a second trial for the same offense, and that, after having served a part of the sentence first imposed upon him, the judgment in the second trial should not have required that he be returned to prison to serve a second sentence of a like term for the same offense without credit for the three years served under the first sentence.

In the case of *State ex rel.* v. *Killigrew* (1931), 202 Ind. 397, 174 N. E. 808, these questions have been thoroughly discussed and decided by this court against the contention of appellant. In that case the entire sentence imposed at the first trial had been served and this court in discussing the situation of the defendant at a second trial, if a writ of error *coram nobis* should be granted, held that the constitutional immunity under the prior jeopardy doctrine may be waived and is waived by seeking a new trial, and said at the bottom of p. 406:

"Since we conclude that the legal consequence of granting a writ of error *coram nobis* is to place 'the parties in the same position as if no trial had been had,' it follows that if the criminal court of Lake County, after a hearing on the merits of relator's petition, should grant a writ of error *coram nobis,* the relator will not be able, in the new

trial, to get any advantage from the fact that he has discharged the judgment of the original trial. . . ."

And at the bottom of p. 407:

". . . We find no difficulty in deciding that the relator, if put on trial a second time, cannot avail himself of the fact that he has discharged the judgment of the original trial."

The law stated in the Killigrew case is generally accepted. In 15 Am. Jur., p. 89, Criminal Law, § 427, it is stated:

"It is generally conceded that a person convicted of a crime waives his constitutional protection against being put twice in jeopardy and may be tried again where a verdict against him is set aside and a new trial granted on his motion in the trial court or a conviction is reversed on appeal or error proceedings instituted by him. This is true even though he has served a part of the sentence imposed on him on the first conviction. . . . In the application of this rule, the ground on which a new trial is granted is not material. Therefore, where a conviction and judgment are set aside on proceedings instituted by the defendant on the ground that he has been deprived of a right guaranteed to him by the Constitution, the plea of former jeopardy cannot avail to prevent a second trial. The defendant cannot by his own act avoid the jeopardy in which he stands and then assert it as a bar to subsequent jeopardy."

In 22 C. J. S., p. 407, § 272a, the following statement appears:

"Where a new trial was granted on motion of accused, and the verdict and conviction are set aside, he thereby waived his right and is estopped to plead the former conviction as a bar to another trial on the same or a new indictment, even though he has already discharged the fine and sentence originally imposed. . . ."

In the case of *People ex rel. Trezza* v. *Brush* (1891), 128 N. Y. 529, 536, 28 N. E. 533, the Court of Appeals of New York said:

> "It not infrequently happens that the execution of a sentence to imprisonment continues notwithstanding an appeal. The convict, if he obtains a reversal of the judgment, and is again convicted on a second trial, may be sentenced to a new term of imprisonment, and the court is not bound to regulate the second sentence in view of the fact that the convict has already suffered imprisonment under the first sentence." 28 N. E., p. 535.

This case is cited and the above language therefrom is quoted with approval by the Supreme Court of the United States in the case of *Murphy* v. *Massachusetts* (1900), 177 U. S. 155, 162, 163, 44 L. Ed. 711, 715.

In *Marshall* v. *State* (1914), 73 Tex. Crim. Rep. 531, 166 S. W. 722, L. R. A. 1915 A, 526, the appellant was convicted and then upon hearing of a petition for writ of *habeas corpus* was remanded. The remand was affirmed by the Court of Appeals and upon the second trial the appellant entered a plea of former jeopardy which was denied by the trial court and appeal taken. In the course of the opinion, the Texas court quoted from Am. & Eng. Enc. of Law, 2d ed., vol. 17, p. 606, as follows:

> "If on the defendant's motion the verdict is set aside, the judgment arrested or vacated, . . . a waiver of objection to being again put in jeopardy will be implied, and he may, as a rule, be tried anew, and this is so though the defendant . . . has served out a part of his sentence."

We conclude that the second trial of appellant was proper and he was not entitled to credit upon his second sentence for the time served on the first.

Appellant specified as error the alleged failure of the court to appoint for him another attorney instead of the one appointed by the court. The record does not show any request that another attorney be substituted or that the attorney appointed by the court was not capable of handling the case or that he was failing to do so. A pauper defendant in a criminal case has a right to competent counsel, but he is not entitled to choose the attorney to be appointed to serve in his behalf and the selection of such an attorney is entirely within the discretion of the court. *Schuble* v. *Youngblood, Judge* (1947), ante, p. 169, 73 N. E. (2d) 478, 479, and cases cited.

Complaint is also made that a second attorney was appointed for appellant on the morning of the trial and that he did not have time enough to prepare a defense. It does not appear that the second attorney was appointed by the court. The order book simply shows that the second attorney appeared and that the original attorney withdrew from the case. There is no showing or attempt to show that the second attorney had not been employed by appellant a sufficient time before trial to permit adequate preparation and there is no showing that any request for continuance was made when the change of counsel occurred.

Appellant also complains about seating of witnesses during the trial. This was a matter within the discretion of the court and no attempt is made to show any facts upon which a claim of abuse could be predicated or that prejudice resulted.

Appellant also complains that he was not allowed to be heard by himself. No reference is made to any place in the record where anything is shown which might justify such complaint. We have, however, though not required to do so, searched

the record and find only that the trial court, when appellant was on the witness stand and after he had volunteered incompetent and irrelevant testimony, required that he wait for his attorney to ask him questions and then answer such questions. Also the appellant, while on the witness stand, asked the court if he, appellant, might ask a question and was told by the court that his lawyer would ask the questions. These situations were for the exercise of the court's discretion in controlling the trial and seeing to it that the trial progressed in an orderly manner. No facts appear that show that there was any abuse of discretion in what the court did and no prejudice to the appellant by reason of these rulings is made to appear or attempted to be made to appear.

We have considered every question suggested by appellant even though some of them were not so presented as to require attention, and have found no reason to disturb the verdict of the jury and the judgment of the court thereon.

Judgment affirmed.

Note.—Reported in 76 N. E. (2d) 249.