IN RE PIGG, JUVENILE *v*. STATE OF INDIANA.

[No. 668-S-102. Filed December 15, 1969.]

*John W. Lawson,* Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Michael V. Gooch,* Deputy Attorney General, for appellee.

DEBRULER, C.J.—This is an appeal from a determination by the Hamilton County Juvenile Court that appellant, a female, then fifteen years of age, was a delinquent child due to truancy.

After receiving information from the principal of appellant's school concerning the absence of appellant from school and after making preliminary inquiry, the juvenile court ordered the probation officer to file a petition pursuant to Acts 1945, ch. 356, § 8, as amended by Acts 1959, ch. 76, § 1, the same being Burns' Ind. Stat. Ann. § 9-3208. The petition alleged that appellant was a delinquent child due to truancy. The juvenile court then issued a summons to appellant and her parents pursuant to Acts 1945, ch. 356, § 9, the same being Burns' Ind. Stat. Ann. § 9-3209.

On October 11, 1967, the juvenile court held a hearing on the petition at which appellant and her mother were present and represented by counsel. Appellant's counsel stipulated that the principal of the school would testify correctly that appellant was absent from school fifty-nine days the previous year, and had enrolled eighteen days late for the current term without explanation and had been absent a total of twenty-two days up to the time of the hearing. Appellant conceded the absences and claimed that she had been chronically ill. To show this appellant's attorney placed the mother on the stand and at the conclusion of her testimony he informed the court that appellant wished to testify but the court refused to allow her to take the stand, saying: "I don't particularly care to hear from Diane." Appellant argued in her motion for new trial and in her brief on appeal that this refusal by the trial court was reversible error and we agree.

Appellant had a right to testify under oath in her own behalf under the Sixth and Fourteenth Amendments to the United States Constitution. *Ferguson* v. *Georgia* (1961), 365 U. S. 570, 5 L. Ed. 2d 783, 81 S. Ct. 756; *In Re Oliver* (1948), 333 U. S. 257, 92 L. Ed. 682, 68 S. Ct. 499.

In Indiana this right is expressly given by statute, Acts of 1905, ch. 169, § 235, the same being Burns Ind. Stat. Ann. § 9-1603:

"Who are competent witnesses.—The following persons are competent witnesses:

\* \* \*

"Fourth. The defendant, to testify in his own behalf. But if the defendant does not testify, his failure to do so shall not be commented upon or referred to in the argument of the cause, nor commented upon, referred to, or in any manner considered by the jury trying the same; and it shall be the duty of the court, in such case, in its charge, to instruct the jury as to their duty under the provisions of this section."

The Court has enforced that statute several times. *Hiatt* v. *State* (1920), 189 Ind. 524, 127 N. E. 277; *Bird* v. *State* (1886), 107 Ind. 154, 8 N. E. 14; *Hartford* v. *State* (1884), 96 Ind. 461.

Although juvenile proceedings are *sui generis* and not strictly criminal proceedings, where the hearing may result in commitment to a state institution, the juvenile has most of the fundamental rights of criminal defendants. *In Re Gault* (1967), 387 U. S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428. That case guarantees juveniles the right to counsel in juvenile proceedings. *Ferguson* v. *Georgia, supra,* holds that it is a denial of the defendant's right to counsel to deny him the right to be sworn and testify as a witness in his own case.

We hold that it was error to deny appellant the right to be sworn as a witness and to testify in the juvenile proceedings against her.

Motion for new trial granted.

Hunter, J., concurs; Jackson, J., concurs in result; Givan, J., concurs in result with opinion; Arterburn, J., dissents with opinion.

### CONCURRING OPINION

GIVAN, J.—I concur in the result reached by the majority opinion but cannot agree with many of the statements made in the opinion.

I do not think Burns' Ind. Stat. § 9-1603 cited in the opinion is applicable to juvenile cases. I do believe that the applica-

tion of the doctrine of parens patriae requires that the judge conduct not only an informal hearing in juvenile cases, but that this hearing should be conducted in a manner which is fair and calculated to give the child the best possible impression as to the fairness of the court. For this reason I feel that no juvenile hearing has served its purpose until the judge has given the child the opportunity to make a statement, if he so chooses, concerning the matter before the court. I would reverse the case for this reason alone.

## DISSENTING OPINION

ARTERBURN, J.—I cannot agree with the tendency of the majority of the members of this Court to make juvenile proceedings conform to criminal proceedings. When we appoint an attorney for a delinquent, we put such child in a position of arrogance in a court to defy law officials and we create a worse social problem than treating him as a child should be treated by parents.

In this case this girl, charged with delinquency and truancy, was given an attorney and given a hearing, with the attorney present. The evidence seems to me to prove overwelmingly and without much contradiction that the girl was an habitual truant from school and to a large extent was aided and abetted by her mother, yet the court reverses this whole proceeding because it is said the judge would not permit the girl to testify. Her lawyer was present. He did not make any offer to prove what her testimony would be. This is a necessary preliminary step in order that the judge may determine properly, after such an offer, whether the testimony is material and the witness may be heard. If a refusal takes place the error is then saved for an appeal. These steps were not taken in this case, even though an attorney was appointed for this juvenile. The attorney was present in court and was appointed for the purpose of protecting this girl's rights to save, if he thought best, what might be an error on appeal. This attorney used

his judgment in this case and did not confront the trial court with a direct ruling in order to save error for appeal.

Either there are rules of procedure which must be followed for an appeal, or there are not. If we waive them in a case such as this, then they should be waived in all cases, with no discrimination. I see no reason in this case for eliminating a normal, reasonable rule for saving error on appeal, which gives the trial judge an opportunity to know the error is being saved for appeal, and he may act accordingly. There is no reason to waive that rule in this proceeding. If we have rules, I believe they should be observed and not waived, unless an unusual hardship arises which warrants, by a factual showing, grounds for such waiver. Juvenile delinquency arises from the permissive, undisciplined environment that exists with children, as is evident in this case. It is a result of a refusal to conform to society's rules or a majority rule.

In this case, this girl had a competent attorney who would not conform to the procedure necessary for an appeal on that ground. We are perpetuating one wrong on another in reversing this case and sending it back to the trial court.

NOTE.—Reported in 253 N. E. 2d 266.