MARVIN LEE AIKENS *v.* STATE OF INDIANA.

[No. 472A199.  Filed November 13, 1972.  Rehearing denied December 29, 1972.  Transfer denied April 18, 1973.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen J. Cuthbert,* Deputy Attorney General, for appellee.

### CASE SUMMARY

BUCHANAN, P.J.—Defendant-appellant Marvin Lee Aikens (Aikens) was convicted by a jury of Theft From The Person and seeks reversal because of a variance as to the date of commission of the crime in the State's Answer to Notice of Alibi and the charging Affidavit. We affirm.

FACTS—The facts supporting the conviction are:

On January 25, 1971, an Affidavit charging Aikens with the crime of Robbery was filed alleging that the robbery occurred on *October 31, 1970.* Trial was set for September 20, 1971. On September 15, 1971, five days prior to trial, Aikens filed

a Notice Of Alibi pursuant to Ind. Ann. Stat. § 9-1631 (Burns 1956). In addition, Aikens requested the State to waive the eight-day period allowed by Ind. Ann. Stat. § 9-1632 (Burns 1956) within which time the State was required to respond to a Notice Of Alibi.

The State complied with the request by immediately filing an Answer To Notice Of Alibi, which mistakenly alleged that the crime had been committed on *October 31, 1971,* some *six weeks into the future.*

Trial commenced on September 20, 1971. When the State attempted to introduce evidence during trial relative to the evening of October 31, 1970, this exchange took place as a result of objection by counsel for Aikens:

"Q. Now, if you will, tell the jury whether or not on the evening of October thirty-first, 1970, you had occasion to see the defendant, Marvin Aikens?

MR. NEEL: To which we object, Your Honor, on the ground that the date of October thirty, 1970, is irrelevant due to the answer of the notice of alibi as being a different date than October thirty, 1970.

MR. STEWART: I said October thirty-first, 1970.

MR. NEEL: I'm sorry, even October thirty-first, 1970.

THE COURT: Yes, that is a different date than in your response, is it not?

MR. STEWART: It shouldn't be.

MR. NEEL: Well, it is.

MR. STEWART: That is a typographical error. This was prepared yesterday for Mr. Neel.

MR. NEEL: For that reason, Your Honor, we are going to object on the grounds that it is different from the date in which the answer has been filed.

MR. STEWART: Your Honor, the alibi notice was filed September fifteenth. We agreed to waive our ten day time period to file a response, I did that yesterday at Mr. Neel's request prior to the commencement of this trial, and he well knows that that date of seventy-one is a typographical error, and I move to correct it.

> THE COURT: Well, I think that the State waived their right not to have an alibi notice filed, but I think did not undertake to assume the obligation of filing their response since they did not have the eight day period which was required by statute. So for that reason I think in the filing of answer to notice of alibi, that was something which the State was not required to do. I will treat that answer as mere surplusage and overrule the objection. Now read that last question."

After the Prosecutor's explanation that the erroneous date of October 31, 1971 contained in the Alibi response was obviously a typographical error, the court admitted evidence relative to October 31, 1970 and ruled that the State's Alibi response was merely surplusage.

Aikens was found guilty by the jury of Theft From The Person and sentenced to the Indiana State Reformatory for not less than one nor more than ten years.

ISSUE—Is it reversible error to admit evidence of the date of commission of the crime charged in the Affidavit which is at variance with the date recited in the State's Answer To Notice Of Alibi due to a typographical error in the Answer?

Aikens' position is that when the Alibi Statute is invoked, time becomes of the essence. The date contained in the State's reply to Aikens' Notice Of Alibi in effect amended the Affidavit and therefore only evidence relative to the future date of October 31, 1971 could be introduced.

In reply, the State asserts that minor variances in names, places, and times are not sufficient to invalidate criminal proceedings. The typographical error in the State's reply to Aikens' Notice Of Alibi did not operate to prejudice or mislead Aikens because the date of October 31, 1971 was almost six weeks in the future from the date of the trial, *i.e.,* from September 20, 1971 to October 31, 1971.

DECISION—It is our opinion that it is not reversible error to admit evidence of the date of commission of a crime

charged in the Affidavit which is at variance with the date recited in the State's Answer To Notice Of Alibi due to a typographical error in the Answer.

Generally, time is not of the essence in proving a criminal offense. Where the Alibi Statute is invoked, however, time becomes of the essence when proving the commission of the crime charged. *Evans* v. *State* (1946), 224 Ind. 428, 68 N.E.2d 546.

Pursuant to the terms of the Alibi Statute, failure to file a Notice Of Alibi at least ten days prior to trial permits the trial court, within its discretion, to exclude any evidence tending to support the defendant's alibi. *Lake* v. *State* (1971), 257 Ind. 264, 274 N.E.2d 249; *Lamar* v. *State* (1964), 245 Ind. 104, 195 N.E.2d 98.

As our Supreme Court stated in *Lamar* v. *State, supra:*

"From the record it does not appear that the appellant made any attempt to make 'a showing of good cause for such failure by the defendant' to timely file his alibi notice. *Under such circumstances the court might properly have excluded evidence offered by the defendant to establish an alibi.*" (Emphasis supplied.)

An exception to the requirement that the defendant must file Notice Of Alibi at least ten days prior to trial arises only when the trial court sets the date for trial less than fourteen days in advance, which is not true of the case before us.

So Aikens did not file a Notice Of Alibi within the ten-day period and the trial court properly considered the October 31, 1971 date in the Answer To Notice Of Alibi as surplusage. *Lamar* v. *State, supra.*

The State did waive the eight-day period for response but no question is before us as to whether the State also waived or could waive the ten-day requirement and we make no decision in this regard.

Assuming, *arguendo,* that the Notice Of Alibi and the State's Answer to such Notice was properly before the court, the variance in the dates would only be important if Aikens was prejudiced or misled by this variance.

In *Denton* v. *State* (1965), 246 Ind. 155, 203 N.E.2d 539, the State's Alibi Answer alleged that the crime occurred on 26th Street, while at trial testimony indicated that the crime occurred on 22nd Street. In upholding the trial court's refusal to exclude testimony relative to 22nd Street, our Supreme Court said:

"* * * it is well settled that *a variance,* in order to be fatal, *must be of such a substantial nature as to mislead the accused* in preparing and maintaining his defense or be of such a degree as is likely to place him in second jeopardy for the same offense. See: *Madison* v. *State* (1955), 234 Ind. 517, 542, 130 N.E.2d 35, 46." (Emphasis supplied.) See also *Napier* v. *State* (1971), 255 Ind. 638, 266 N.E.2d 199.

Remembering that the trial took place on September 20, 1971, and that the mistaken date in the Answer To Notice Of Alibi was October 31, 1971, it is inconceivable that Aikens could have in any way been misled or harmed by reference to a date almost six weeks in the future. Significantly, he makes no such claim. Such an error is so apparent that to seriously advance the proposition that evidence of the date of commission of the crime charged in the Affidavit was inadmissible is at best preposterous. Reductio ad absurdum.

The trial court therefore properly admitted evidence relative to the date alleged in the Affidavit.

Aikens' conviction is therefore affirmed.

Sullivan and White, JJ., concur.

NOTE.—Reported at 289 N.E.2d 152.