KEVIN LEWIS RIGGS v. STATE OF INDIANA.

[No. 277S103. Filed May 31, 1978.]

*Kenneth T. Roberts, Wilson, Coleman & Roberts,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Jack R. O'Neill,* Deputy Attorney General, for appellee.

GIVAN, C.J.—The appellant was convicted in a court trial for armed robbery, pursuant to IC § 35-12-1-1 [Burns 1975]. He was sentenced to 15 years imprisonment.

Appellant's first contention is that the trial court erred in denying him the right to present alibi evidence on the grounds that he failed to demonstrate good cause for not complying with the notice of alibi statute, IC § 35-5-1-1 to -3 [Burns 1975]. The statute requires that an accused, within ten days of trial, notify the State of any alibi which he intends to present at trial. The ten-day requirement can be excused only upon a showing of good cause. *Shelton* v. *State,* (1972) 259 Ind. 559, 290 N.E.2d 47. Unless good cause is demonstrated the accused will be barred from introducing alibi evidence either personally or by supporting witnesses. *Lake* v. *State,* (1971) 257 Ind. 264, 274 N.E.2d 249; *Lamar* v. *State,* (1964) 245 Ind. 104, 195 N.E.2d 98. These sanctions are designed to protect the State from eleventh hour defenses and to enable the State to make ade-

quate trial preparation. *Williams* v. *Florida,* (1970) 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed. 2d 446; *Bowen* v. *State,* (1975) 263 Ind. 558, 334 N.E.2d 691.

In the case at bar the trial was held October 7, 1976. Three days before trial appellant filed a motion to produce requesting that the prosecutor indicate the date on which the alleged robbery occurred, in order that notice of alibi might be filed. At trial the appellant sought to introduce alibi testimony from his mother. The State objected. The trial court asked the appellant to show cause for his failure to comply with the notice statute. Appellant's trial counsel testified that the failure resulted from confusion as to which prosecutor had been assigned to the case and that after attempting to speak to a certain prosecutor about the alibi, he was informed that a new prosecutor had been assigned to the case. He further testified that the appellant had been vague in recalling his activity on the day of the robbery and that he therefore had insufficient facts to support a notice of alibi. Counsel admitted that he would have had sufficient time to file an alibi notice had these problems not existed. As the State points out, however, there is no requirement that notice be served on the prosecutor who is actually litigating the case. It would have been sufficient for appellant to have served notice on the Marion County Prosecutor's Office. Furthermore, an accused cannot procrastinate in revealing those facts necessary to support an alibi notice and later be heard to claim the delay as being good cause for avoiding the ten-day statutory mandate. We therefore hold the trial court properly sustained the State's objection and excluded the appellant's alibi testimony.

The appellant's second allegation of error is that there is insufficient evidence to support the verdict. We do not weigh the evidence nor determine the credibility of witnesses and will sustain a conviction if there is substantive evidence of probative value on each element of the offense charged. *Pulliam* v. *State,* (1976) 264 Ind. 381,

345 N.E.2d 229; *Henderson* v. *State*, (1976) 264 Ind. 334, 343 N.E.2d 776. The elements of armed robbery are: (1) the taking of an article of value from another by a person over 16 years of age; (2) by placing one in fear; (3) while armed with a dangerous or deadly weapon. *Heflin* v. *State*, (1977) 267 Ind. 427, 370 N.E.2d 895. The record in this case shows that the victim was working at the Cactus Club in Indianapolis, behind a bulletproof enclosure and was lured by appellant and a second man from behind the enclosure on the pretext that they had lost money in the jukebox. The victim was grabbed by appellant and forced at knifepoint to open the register from which approximately $120.00 was taken. We have held a knife to be a dangerous or deadly weapon. *Kidwell* v. *State*, (1967) 249 Ind. 430, 230 N.E.2d 590. We therefore hold that there is evidence introduced at trial on each element of the armed robbery.

The trial court is in all things affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 376 N.E.2d 483.