Bill WILLIAMS, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 1079S267.

Supreme Court of Indiana.

June 26, 1980.

George K. Shields, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Bruce W. Graham, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Bill Williams, was convicted by a jury of rape, Ind.Code § 35–13–4–3 (Burns 1975) sodomy, Ind.Code § 35–1–89–1 (Burns 1975) and incest, Ind.Code § 35–1–82–1 (Burns 1975) in March, 1977. On October 17, 1978, this Court reversed the convictions and ordered a new trial because the final instructions were not read to the jury as requested by defendant. *Williams v. State,* (1978) Ind., 381 N.E.2d 458. After a retrial in April, 1979, on the same three charges, defendant was again convicted by a jury and later sentenced to life imprisonment for the rape, two to fourteen years for sodomy, and two to twenty-one years for incest. Defendant now appeals from his second trial and raises the following issues:

1. Whether there is sufficient evidence of every material element of the crimes of which he was convicted to support the verdict;

2. Whether he was denied his lawful presumption of innocence throughout the trial; and

3. Whether the trial court erred in admitting testimony allegedly inconsistent with defendant's alibi notice.

A summary of the facts from the record most favorable to the state shows that the victim, who was defendant's daughter, testified that she had been forced to have intercourse with defendant against her will on several occasions. She testified that she remembered one specific evening, August 13, 1976, when defendant forced her to commit sodomy and to have intercourse with him and threatened to smack her face if she did not comply. The victim was ten years old at that time. She remembered that date because she told a neighbor about this sexual abuse and the police came and took her and her brothers and sisters away three days later on August 16, 1976. One of the victim's sisters and one of her brothers also testified that they saw their father sexually abuse the victim.

Defendant took the stand in his own defense. He had submitted an alibi defense but then apparently abandoned it by admitting that he came home about 8:30 p. m. on August 13, 1976. He testified that when he came home on that date he cleaned up the house and washed dirty clothes, but he denied having sexual relations with his daugh-

ter. However, pictures of defendant's residence taken on August 16, 1976, revealed filthy living conditions and piles of dirty clothes lying all around.

## I.

■ Defendant first contends that there is not sufficient evidence to support each element of the crimes with which he was charged. He specifically points to conflicts in the testimony relating to the date of the charged offenses. We have repeatedly held that in reviewing the sufficiency of the evidence we do not weigh the evidence or judge credibility. We consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. When there is substantial evidence of probative value supporting the jury's verdict, the conviction will not be set aside. *Jones v. State*, (1978) 268 Ind. 640, 377 N.E.2d 1349; *Henderson v. State*, (1976) 264 Ind. 334, 343 N.E.2d 776.

■ In the instant case, defense counsel brought out during cross-examination that the victim, as well as her brother and sister, had been confused about the actual date of the crime during pretrial interviews. Defendant claims that since he had properly invoked the alibi statute, time was of the essence and the state did not meet its burden of proving that the crimes were committed on the date alleged in the indictment. However, all three children clearly stated at the trial that the date of the crimes was the evening of August 13 and gave various reasons for remembering that date. The inconsistencies or weaknesses in their testimony were matters to be considered by the jury. *Hollonquest v. State*, (1979) Ind., 398 N.E.2d 655. The victim also sufficiently described the acts of sexual abuse committed upon her to establish the elements of each of the crimes with which defendant was charged. We find there was sufficient evidence to support the verdict.

## II.

■ Defendant next alleges that he was denied his lawful presumption of innocence. He cites *Goodloe v. State*, (1967) 248 Ind. 411, 229 N.E.2d 626, for the proposition that all doubts must be resolved in favor of the innocence of an accused. While it is true that an accused is presumed innocent throughout the trial, *McKee v. State*, (1926) 198 Ind. 590, 154 N.E. 372, this presumption of innocence protects him only until his guilt is proved and does not follow him on appeal after conviction. *Gardner v. State*, (1951) 229 Ind. 368, 97 N.E.2d 921; *Henderson v. State*, (1977) Ind.App., 364 N.E.2d 175. In the instant case, we have found there is sufficient evidence to support the verdict and a proper instruction about the presumption of innocence was given to the jury, so there was no denial of defendant's presumption of innocence at trial. *Butler v. State*, (1978) Ind.App., 380 N.E.2d 611.

## III.

Defendant finally contends that the trial court erred in admitting testimony from one witness over his objection that the testimony should be excluded as not complying with his alibi notice. He appears to be arguing that any noncompliance with the alibi statute should result in an exclusion of evidence. We do not agree.

The question of noncompliance here centers on the fact that the state did not respond to his alibi notice until two days before the trial. However, the record shows that defendant originally filed his alibi notice in November, 1976, before his first trial. He did not renew this alibi notice prior to his retrial in April, 1979, nor did he call the alibi notice to the state's attention during any of the pretrials conducted for the new trial. When the state realized that a prior alibi notice was to be used at the new trial, a response was immediately filed.

■ We have clearly held that the purpose of the alibi statute is not to compel the exclusion of evidence or mandate retrials for purely technical errors. Reversal is not required unless the accused was misled in the preparation or maintenance of his defense or was likely to be placed in double jeopardy. *Monserrate v. State*, (1976) 265

Ind. 153, 352 N.E.2d 721. There is nothing in the record or in the argument of defendant which shows that he was misled in any way in the preparation of his defense. Where a criminal trial has been litigated once before, there is little reason to think that anyone was surprised by the evidence presented at retrial. *Monserrate v. State, supra.* The statute clearly allows a trial court to accept the state's response to an alibi notice even if it is not timely filed when good cause has been shown for the failure to comply. Ind.Code § 35–5–1–3 (Burns 1979 Repl.). The state was clearly able to show good cause in this case. Furthermore, since there was no element of surprise to defendant, there was no denial of his right to a fair trial. We find no error in the admission of testimony which was adverse to defendant's alibi notice.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.