927 F.2d 607
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard Lee BAXTER, Petitioner/Appellant,
v.
Jack R. DUCKWORTH and Indiana Attorney General, Respondents/Appellees.
 No. 89-1497.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 13, 1991.*
Decided March 1, 1991.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. S88-589, Allen Sharp, Chief Judge.
 N.D.Ind.
 AFFIRMED.
 Before POSNER, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner-appellant Richard Lee Baxter was convicted in Indiana state court of child molestation and incest. After exhausting his state court remedies, Baxter petitioned for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 challenging the constitutionality of the Indiana alibi notice statute and charging that the witnesses' testimony at his trial was cumulative and not credible in violation of his Sixth and Fourteenth Amendment rights. The district court denied his petition and Baxter appeals to this court.
 
 FACTS
 
 2
 Baxter was charged with two counts of child molestation and two counts of incest for allegedly sexually abusing his two step-daughters over the course of several years. After a jury trial, he was convicted of both child molestation and incest and was found to be an habitual offender. Baxter was sentenced to two concurrent terms of 20 years in prison for the molestation conviction and two concurrent terms of four years for the incest conviction. A consecutive ten-year sentence was added due to Baxter's status as an habitual offender.
 
 
 3
 At trial both victims, ages nine and seven, testified and were subject to cross-examination. Each gave a detailed account of repeated instances of sexual abuse by Baxter. In addition, a social worker, a police officer, and the victims' mother, uncle and aunt testified. The social worker explained that she first interviewed the children at their school, in the presence of a police officer and recorded her conversations with each girl. She explained the interview methods she used and described instances of sexual abuse that the girls had related. She also discussed the actions she took in response to her investigation.
 
 
 4
 The victims' mother, uncle and aunt also testified as to instances of sexual abuse they had discussed with the girls and related the girls' descriptions of these events. They each explained their reaction to the girls' statements and their relationship with the girls. The police deputy described the interviews between himself, the social worker and the girls that had taken place at the girls' school and testified regarding what the girls had said during those interviews. He also described the actions he took following those interviews. Prior to the testimony of each of these witnesses, the defendant objected to their testimony as repetitive and hearsay.
 
 ANALYSIS
 
 5
 Baxter challenges the fundamental fairness of his trial on two bases: First, he contends that the five witnesses, who each related descriptions of sexual abuse the girls had related to them, impermissibly bolstered the victims' testimony which added credibility to what he characterizes as improbable testimony. Alternatively he contends that the five adults' testimony violated his Sixth Amendment Confrontation Clause rights. Baxter also challenges the Indiana alibi statute which requires that a defendant provide the prosecution with notice of any alibi defense upon which he intends to rely as unconstitutional in its application to his case.[1] Baxter concedes that he attempted to file notice of his alibi defense nineteen days after the statutory deadline but argues that the resulting preclusion of an alibi defense is unconstitutional.
 
 A. Admission of Cumulative Testimony
 
 6
 To the extent that Baxter's challenge of the trial court's admission of the victims' hearsay testimony by the five adult witnesses rests on state evidentiary law, the claim is not properly before this court. A writ of habeas corpus is properly granted only when a state court's evidentiary ruling denies a defendant the constitutionally protected due process right to a fundamentally fair trial.[2] Haas v. Abrahamson, 910 F.2d 384, 389 (7th Cir.1990).
 
 
 7
 Baxter contends that allowing five adult witnesses to repeat and corroborate the victims' testimony impermissibly bolstered the children's credibility, making the trial fundamentally unfair. Credibility determinations are properly in the province of the jury and not for this court to determine. United States v. Mejia, 909 F.2d 242, 245 (7th Cir.1990). In this case, both of the victims testified and were subject to cross-examination during the trial. This answers the concern that admission of hearsay evidence of the victims' descriptions of Baxter's sexual abuse resulted in a fundamentally unfair trial. See, e.g., Ferrier v. Duckworth, 902 F.2d 545, 547 (7th Cir.1990) (Confrontation Clause prohibits admission of hearsay so unreliable it threatens a miscarriage of justice); United States v. Dunn, 851 F.2d 1099, 1101 (8th Cir.1988) (Hearsay testimony by witness permissible where child sex abuse victim declarant also testifies at trial); Story v. Collins, 1991 U.S.App.Lexis 246 (5th Cir. January 11, 1991) (Use of testimony of social worker evaluating behavior of child sex abuse victim did not impermissibly bolster victim's own testimony). Further, the adult witnesses' testimony aided in completing the testimony of the two young girls who were unable or unwilling to fully testify about their abuse, See United States v. St. John, 851 F.2d 1096, 1099 (8th Cir.1988), and included evidence other than recitation of statements made by the victims.
 
 
 8
 In the alternative, Baxter argues that his trial was rendered fundamentally unfair because his Sixth Amendment Confrontation Clause rights were violated by allowing the five adult witnesses to testify about the girls' descriptions of their sexual encounters with Baxter. Baxter relies on Idaho v. Wright, 110 S.Ct. 3139 (1990), to support this contention. In Wright, the Supreme Court concluded that admission of hearsay testimony of a child sex abuse victim's descriptions of her abuse violated the Confrontation Clause where the statements did not carry the "particularized guarantees of trustworthiness". Id. at 3149. Here, that concern does not exist because both children testified at trial and were subject to cross-examination. Rogers-Bey v. Lane, 896 F.2d 279, 282 n. 2 (7th Cir.1990).
 
 B. Alibi Statute
 
 9
 Baxter challenges the Indiana alibi statute's preclusion sanction as unconstitutional because other less severe alternatives are available to accomplish the statute's purpose, preventing the manufacture of alibi evidence. See Baxter v. State, 522 N.E.2d 362, 369 (Ind.1988). In Wardius v. Oregon, 412 U.S. 470 (1973), the Supreme Court held that alibi rules do not violate the Fourteenth Amendment Due Process Clause unless the rule fails to provide criminal defendants with reciprocal discovery rights. This court has previously held that the Indiana alibi statute is constitutional. Bruce v. Duckworth, 659 F.2d 776, 782 (7th Cir.1981); Mauricio v. Duckworth, 840 F.2d 454, 457 (7th Cir.1988). Baxter does not offer an argument dictating that this conclusion be overturned.
 
 
 10
 In a lengthy analysis, the Indiana Supreme Court concluded that the trial court correctly excluded evidence of Baxter's alibi evidence because of his failure to comply with the statute and failure to offer a reasonable excuse, and his failure to substantiate his alleged alibi with evidence satisfying the statute's specificity requirements.[3] Baxter v. State, 522 N.E.2d at 369. Thus, Baxter has not provided any grounds upon which to rule that the application of the Indiana alibi statute in his case was unconstitutional.
 
 
 11
 Therefore, Baxter has failed to show that his constitutional rights were violated and we AFFIRM the district court's denial of his petition for a writ of habeas corpus.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Indiana Code Sec. 35-36-4-1 provides, in part:
 Whenever a defendant in a criminal case intends to offer in his defense evidence of alibi, the defendant shall, no later than:
 (1) Twenty days prior to the omnibus date ...
 file with the court and serve upon the prosecuting attorney a written statement of his intention to offer such a statement. The notice must include specific information concerning the exact place where the defendant claims to have been on the date stated in the indictment or information.
 
 
 [2]
 Baxter also alleges that his trial was rendered fundamentally unfair because the mother was permitted to sit next to one of the victims and hold her hand while she testified. The trial court has the discretion to take measures to protect a particular child victim's welfare when testifying. Maryland v. Craig, 110 S.Ct. 3157 (1990). Baxter does not explain how he was unduly prejudiced and has not shown that his trial was fundamentally unfair
 
 
 [3]
 We add that the allegations against Baxter included instances of sexual abuse with each girl over a number of years. The excluded alibi evidence Baxter offered refers to only a few days and does not provide a complete alibi. Its exclusion would therefore be harmless if indeed any error existed. Datamatic Services, Inc v. United States, 909 F.2d 1029, 1033 (7th Cir.1990)